J-S37030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PORTIE A. ROBERTSON, | |
| Appellant | No. 2606 EDA 2014 |

Appeal from the PCRA Order August 13, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111151-1982

BEFORE:  GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 09, 2015**

Appellant, Portie A. Robertson, appeals *pro se* from the order entered on August 13, 2014, that denied his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 26, 1982, Appellant and two cohorts fired numerous rounds of gunfire into a crowd of people resulting in two deaths and multiple injuries.  On May 19, 1983, Appellant was found guilty of two counts of first-degree murder and six counts of aggravated assault.  Appellant filed timely post-verdict motions that were denied on June 22, 1987.  On that same day, the trial court imposed sentences of life imprisonment for each of the murders followed by six consecutive five-to-ten-year terms of incarceration on the aggravated assault convictions.  Since that time, Appellant has filed numerous appeals and PCRA petitions.  Most recently, on April 22, 2014,

Appellant filed his fourth PCRA petition. On July 2, 2014, the PCRA court informed Appellant of its intention to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and on August 13, 2014, the PCRA court dismissed Appellant's petition as untimely. This appeal followed.

On appeal, Appellant raised the following issues, which we have reproduced verbatim:

> I. WHETHER THE PCRA COURT DECISION ABUSED ITS DISCRETION OR COMMITTED AN ERROR OF LAW AMOUNTS TO GOVERNMENTAL INTERFERNCE AS AN RESULT OF THE MANNER IN WHICH THE COURT HANDLED JUROR MISCONDUCT ALLEGATIONS AND IT WAS NOT A REQUIREMENT OF DUE DILIGENCE FOR THE DEFENDANT TO OBTAIN EVIDENCE OF JUROR MISCONDUCT ONCE ALLEGATION WAS BROUGHT TO THE COURT'S ATTENTION.
>
> II. WHETHER PCRA COURT DECISION ABUSED ITS DISCRETION OR COMMITTED AN ERROR OF LAW WHEN THE COURT FAILED TO RECUSE AND/OR DISQUALIFY HIMSELF FROM PRESIDING IN THE CASE WHEN THE RECORD DISCLOSES THAT THE JUDGE'S PRIOR JUDGMENTS EXERCISED WAS MANIFESTLY UNREASONABLE,PREJUDICIAL AND/OR BIAS.

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed

_____

[1] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

Here, the trial court imposed sentence on June 22, 1987. This Court affirmed Appellant's judgment of sentence on August 8, 1989. On March 20, 1990, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. Therefore, Appellant's judgment of sentence became final on June 18, 1990, ninety days after the time for filing a petition for a writ of certiorari with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R.13. Appellant did not file the instant PCRA petition until April 22, 2014. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.

*(Footnote Continued)* ─────────

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

§ 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

In the case at bar, Appellant baldly claims that government interference prevented him from asserting claims of alleged juror misconduct. Appellant's Brief at 30, 34. While interference with the presentation of a claim by government officials can provide an exception to the PCRA timing requirements pursuant to 42 Pa.C.S. § 9545(b)(1)(i), Appellant has fallen woefully short in this regard as this issue was found lacking in merit in prior PCRA petitions. As the PCRA court noted, Appellant's PCRA petition and brief constitute a "lengthy and disingenuous regurgitation of the alleged juror misconduct which has already been found to be completely devoid of merit [and devoid of] any new allegations of facts or evidence of [facts] with which to reassess either its merits or timeliness." PCRA Court Opinion, 10/10/14, at 2-3. Moreover, while Appellant mentions government interference, he fails to provide any support for this claim or even detail how the government interfered with his claim. Accordingly, we agree with the PCRA court that Appellant's fourth PCRA was untimely and no exceptions apply.

Because the PCRA petition was untimely, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding

- 5 -

that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, we affirm the order denying Appellant's fourth PCRA petition.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2015

---

[2] Appellant purports to raise an additional issue concerning prosecutorial misconduct in his supplemental appellate brief. However, nothing in Appellant's supplemental brief alters our conclusion that Appellant's underlying PCRA petition was untimely. Thus, we need not further address Appellant's supplemental brief.